

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

June 11, 1956

Hon. Travis D. Shelton
District Attorney
Lubbock, Texas

Opinion No. S-201

Re: Ad valorem tax exemption
status of V.F.W. during all
or a part of the year 1955,
under Section 20 of Article
7150, V.C.S., as added by the
54th Legislature, May 20, 1955.

Dear Mr. Shelton:

The 54th Legislature by Chapter 271 amended Article 7150, Vernon's Civil Statutes, by adding a new section designated as Section 20. This new section provides:

"Hereafter all buildings, together with the lands belonging to and occupied by such organizations known as The American Legion, American Veterans of World War II, Veterans of Foreign Wars of the United States, Disabled American Veterans, Jewish War Veterans and Catholic War Veterans, or any non-profit organization chartered or incorporated under the Texas Statutes for the purpose of preserving historical buildings, sites and landmarks, not leased or otherwise used with a view to profit, shall be exempt from taxation in this State. Provided, however, that no organization listed by the Attorney General of the United States or the Secretary of State of this State as subversive shall be entitled to exemption from taxation under the laws of this State."

This amendment became effective May 20, 1955.

You request our opinion as to whether the Lubbock Post of the Veterans of Foreign Wars of the United States is liable for 1955 ad valorem taxes, and if so, as to what portion of the year.

The Legislature is powerless to exempt property from taxation in the absence of specific authority contained in our Constitution. Section 2, Article VIII, of our Constitution provides, in part:

"The Legislature may, by general laws, exempt from taxation . . . institutions of purely public charity. ..."

In pursuance to the authority delegated to it by the above quoted portion of Section 2, Article VIII, the Legislature in 1907 exempted from ad valorem taxation institutions of purely public charity in the following language:

"All buildings belonging to institutions of purely public charity, together with the lands belonging to and occupied by such institutions not leased or otherwise used with a view to profit, unless such rents and profits and all moneys and credits are appropriated by such institutions solely to sustain such institutions and for the benefit of the sick and disabled members and their families and the burial of the same, or for the maintenance of persons when unable to provide for themselves, whether such persons are members of such institutions or not. An institution of purely public charity under this article is one which dispenses its aid to its members and others in sickness or distress, or at death, without regard to poverty or riches of the recipient, also when the funds, property and assets of such institutions are placed and bound by its laws to relieve, aid and administer in any way to the relief of its members when in want, sickness and distress, and provide homes for its helpless and dependent members and to educate and maintain the orphans of its deceased members or other persons."

This provision is codified as Section 7, Article 7150.

The Supreme Court of Texas in City of Houston v. Scottish Rite Benevolent Ass'n, 111 Tex. 191, 230 S.W. 978 (1921), in construing the above quoted Section 7, held that an institution qualifies as one of "purely public charity" where (1) it makes no gain or profit, (2) it accomplishes ends wholly benevolent, and (3) it benefits persons, indefinite in number and in personalities, by preventing them, through absolute gratuity, from becoming burdens to society and to the State.

Under our Constitution the Legislature cannot exempt the organization known as Veterans of Foreign Wars of the United States unless such organization is an institution of "purely public charity" as that term is employed in our Constitution. This being so, the local post in question, if in fact it is an " institution of purely public charity", was exempt from taxation from its inception by virtue of Section 7 of Article 7150. If, in fact, the post does not qualify as an "institution of purely public charity" it is not tax exempt by virtue of Section 20, which became effective May 20, 19

Whether an organization is an "institution of purely publi charity" is a fact question which this office cannot pass on. The

Tax Assessor-Collector should ascertain the facts and make the initial decision. Of course, after all the facts are definitely established, the tax exempt status of the organization then becomes a question of law.

The above renders unnecessary any consideration of your question of tax proration for the year 1955.

### SUMMARY

If the Lubbock Post of the Veterans of Foreign Wars of the United States qualifies as an "institution of purely public charity" as that term is used in Section 2, Article VIII, Texas Constitution, and in Section 7 of Article 7150, V.C.S., its buildings, together with the lands belonging to and occupied by it, not leased or otherwise used with a view to profit, are exempt from ad valorem taxation from its inception. If not an "institution of purely public charity", it is not tax exempt.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

APPROVED:

Mert Starnes
Reviewer

J. Arthur Sandlin          By W. V. Geppert
Reviewer                   W. V. Geppert
                           Assistant

L. W. Gray
Special Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General

WVG:cs